■ In the Matter of ALICIA ECHEVARRIA, Respondent, v MATTHEW M. WAMBUA, Respondent, and EAST MIDTOWN PLAZA HOUSING COMPANY et al., Appellants. [983 NYS2d 238]—

Judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered May 3, 2013, granting the petition to annul respondent Commissioner's determination to award an apartment to the Andermanis respondents, to the extent of remanding the matter to the Department of Housing Preservation and Development (HPD), unanimously reversed, on the law, without costs, the petition and HPD's cross motion denied, the cross motion to dismiss granted, and the proceeding brought pursuant to CPLR article 78 dismissed.

HPD granted approval of the Andermanis respondents' application to transfer their five-person household from a two-bedroom apartment to a four-bedroom apartment in the Mitchell-Lama cooperative building where they resided. HPD granted the approval by waiving the six-person occupancy requirement for a four-bedroom apartment. It is undisputed that petitioner, also the head of a five-person household living in a two-bedroom apartment in the building, was not eligible for the four-bedroom apartment at issue due to the same HPD rule, and although she expressed interest, she never actually submitted an application for the apartment. Moreover, HPD has stated that it has since concluded that it did not have the authority to grant an occupancy waiver for the reasons presented here, and that if a remand were granted it would rescind the approval granted to the Andermanises, and would instead conduct an external search for applicants meeting the six-person occupancy requirement. Hence, petitioner remains ineligible for the four-bedroom apartment and cannot show that she has suffered an injury that is personal and distinct from that of the general public, or that she has an actual legal stake in the outcome of this proceeding. Accordingly, petitioner did not have standing to initiate this proceeding (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207 [2004]; Matter of Clark v Town Bd. of Town of Clarkstown, 28 AD3d 553 [2d Dept 2006]; Roberts v Health & Hosps. Corp., 87 AD3d 311, 318 [1st Dept 2011], lv denied 17 NY3d 717 [2011]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.